UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREW GODDARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM J. KELLEY, DANIEL )<br>HUMPHREYS, and THOMAS MANNING, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>07-10705-FDS |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR SANCTIONS

**SAYLOR, J.**

This is a civil rights action arising out of the ejection of a fan from a Red Sox playoff game. Plaintiff Andrew Goddard attended Game Five of the 2004 American League Championship Series at Fenway Park between the New York Yankees and the Boston Red Sox. He was ejected after loudly, and obscenely, protesting the umpire's call when David Ortiz was thrown out attempting to steal second base in the bottom of the twelfth inning. He contends that after his ejection he was physically assaulted and arrested without probable cause by three Boston police officers, defendants William J. Kelley, Daniel Humphreys, and Thomas Manning. The factual background and specific claims are further described in the associated Memorandum and Order on defendants' motions for summary judgment.

In their automatic disclosures to plaintiff in September 2007, defendants listed William Mullaly, the Red Sox security official with whom Kelley spoke about ejecting plaintiff and his

brother, as one of the persons likely to have discoverable information.  Defendants provided his work address as "Fenway Park" and did not provide a telephone number.

In early 2008, plaintiff attempted to serve a deposition subpoena for Mullaly on the Red Sox, who refused to accept service because he only worked at Fenway Park during the baseball season.  Plaintiff found out that Mullaly also worked at Boston EMS, and tried to serve him there, but missed him when he left his shift a half-hour early.  Because he was unable to reach Mullaly by telephone or to serve him in person, plaintiff required an extension of the discovery period.

Plaintiff did eventually locate Mullaly several months later.  At his deposition, plaintiff learned that Mullaly and defendant Kelley socialize, and that Kelley knew his telephone number.  Mullaly said that, had he been contacted by telephone, he would have waived service and voluntarily attended a deposition.  In addition, defense counsel indicated that they had been in possession of Mullaly's telephone number for some time, that their failure to provide it to plaintiff was completely inadvertent, and that if plaintiff's counsel had e-mailed or telephoned them, they would have immediately provided the number.

Plaintiff, citing Fed. R. Civ. P. 37, now asks the Court to order defendants to pay him $2105—the amount he claims to have spent locating and attempting to serve Mullaly.  Rule 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

Plaintiff argues that the failure was not harmless, presumably because the plaintiff lost some time

and incurred an extra $2105 in costs and expenses.

Rule 37 gives the Court discretion to order the payment of fees and expenses "caused" by the failure to make discovery.  *See* Fed. R. Civ. P. 37(c)(1) ("the court . . . *may* order payment of the reasonable expenses . . .") (emphasis added).  It is unclear why plaintiff's counsel did not simply call or e-mail defense counsel and ask for the number before spending more than two thousand dollars trying to locate a witness.  Plaintiff's counsel also knew were Mullaly worked in the offseason; it is unclear why, when they missed serving him by half an hour, the process server did not simply return the next day.  Finally, and in any event, the failure to disclose the number was apparently inadvertent.  Under the circumstances, the Court will not impose sanctions for the admitted error.

Plaintiff's motion for sanctions is accordingly DENIED.

**So Ordered.**

        /s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: March 31, 2009